**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

DONALD CROCHET                                            CIVIL ACTION

VERSUS                                                   NO. 20-3460

CAMILLE MORVANT, ET AL.                                  SECTION: "I"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Donald Crochet, against Defendants, former District Attorney Camille Morvant, Lafourche Parish District Attorney Kristine Russell, Frank Garcia of the Louisiana State Police, Lafourche Parish Assistant District Attorney Joe Soignet, Deputy Clay Blanchard of the Lafourche Parish Sheriff's Office, Assistant District Attorney Rene Gautreaux, and Detective Jeff Chamberlain of the Lafourche Parish Sheriff's Office.    (Rec. doc. 1, Complaint).    Plaintiff is an inmate of the Lafourche Parish Detention Center following his 2018 conviction for possession of child pornography and possession with intent to distribute marijuana in the Seventeenth Judicial District Court for the Parish of Lafourche.

His complaint challenges the legality of searches that uncovered physical evidence leading to his conviction and confinement, the validity of the State's forensic computer analysis, the presentation of false testimony in court proceedings, and the sufficiency of the evidence that was presented at his trial.    (Rec. doc. 1).    He requests immediate release from confinement and monetary compensation for illegal arrest, illegal conviction, slander and defamation of character.    (Rec. doc. 1, p. 7).    Crochet acknowledges in his complaint that he has initiated other lawsuits or proceedings in federal court under Section 1983 dealing with the same facts that are involved in this action or otherwise relating to his

imprisonment.    (Rec. doc. 1, p. 12).    His prior lawsuit Civil Action No. 18-CV-13793, in which he alleged the same claims, was dismissed in part without prejudice for failure to exhaust his available state-court remedies, insofar as he raised habeas claims for relief, and the Section 1983 claims were dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). *Donald Gerard Crochet v. Kristine Russell, et al.*, Civ. Action 18-13793 "E" (5) (E.D. La.).

Additionally, Crochet recently filed a petition for habeas corpus relief in this Court challenging his 2018 conviction, and that proceeding is currently pending.    *State v. Crochet*, Civ. Action No. 20-3461 "J" (3) (E.D. La.).    To the extent he challenges his conviction and the fact and duration of his confinement in the instant Section 1983 complaint, the appropriate vehicle is a petition for writ of habeas corpus, and Plaintiff may attempt to pursue those claims in his pending habeas corpus proceeding.

In *Crochet v. Russell, et al.*, No. 18-CV-13793 "E"(5), Plaintiff named all of the same Defendants listed in the instant case.[1]    In the prior lawsuit, he complained of "the legality of the searches that uncovered the physical evidence that led to his conviction, the thoroughness and withholding of the State's forensic computer analysis, the effectiveness of his attorney, the presentation of false testimony, and the sufficiency of the evidence that was presented at his trial."[2]    (Rec. doc. 8, Report and Recommendation, p. 1).    His claims against Defendants Russell, Gautreaux and Morvant, in their individual capacity, were barred by absolute prosecutorial immunity, and in their official capacity, barred because he failed

---

[1] He named all except Joe Soignet, an Assistant District Attorney, who was included as an additional Defendant in the instant case.

[2] Purported Fourth Amendment violations were unsuccessfully litigated by Plaintiff prior to trial. *State v. Crochet*, 200 So.3d 370 (La. 2016), *cert denied*, ___ U.S. ___, 137 S.Ct. 1583 (2017).

to allege or identify a policy or custom that allegedly caused the deprivation of his constitutional rights.   Additionally, the claims against all of the Defendants were barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).   Regarding such lawsuits, federal law further requires:   "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is... malicious ...." 28 U.S.C. § 1915A(b)(1).   Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is ... malicious ...."   28 U.S.C. § 1915(e)(2)(B)(i).

The United States Fifth Circuit Court of Appeals has noted, "A district court may dismiss an IFP proceeding for ... maliciousness at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted."   *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted).   A complaint is malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." *Id*.

Plaintiff's allegations in this lawsuit are largely duplicative of those presented in

3

*Crochet v. Russell, et al.*, Civ. Action 18-CV-13793 "E" (5) (E.D. La.) and are thus malicious under § 1915(e)(2)(B)(i).   *Bailey*, 846 F.2d at 1021.    The instant *in forma pauperis* civil rights action is repetitious litigation against the same parties and of the same cause of action already unsuccessfully litigated and should be dismissed with prejudice for that reason.

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that Donald Crochet's complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.   *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).[3]

New Orleans, Louisiana, this   28th   day of _____ April _____, 2021.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.